**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

FILED

JUL 17 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Andrew Jonathan Sanders, Plaintiff          §
                                            §
                                            §
                                            §    CIVIL ACTION NO. _____
            v.                              §
                                            §    **SA25CA0837FB**
Scott & Associates, P.C., Defendant,        §
            AND                             §    TRAIL BY JURY DEMANDED
                                            §
JPMorgan Chase Bank N.A., Co-Defendant      §

### PLAINTIFF'S STATEMENT OF CLAIM

COMES NOW the Plaintiff, Andrew Jonathan Sanders.

At all times hereinafter mentioned, The Plaintiff did reside and still resides in Bexar County, Texas.

The Plaintiff, Andrew Jonathan Sanders, hereinafter "Plaintiff", respectfully submits Plaintiff's

Complaint and Statement of Claim upon which relief can be granted.

### *Table of Contents*

*PETITION AGAINST DEFENDANT*……………………………………....……………..…2

*Introduction*………………………………………………………………………………...2

*Jurisdiction*…………………………………………………………………………………2

*Parties*……………………………………………………………………………………3

*Discussion*………………………………………………………………………………..4

*COUNT 1 – VIOLATION OF THE FDCPA Overshadowing*…...….…………………4

*COUNT 2 – VIOLATION OF THE FDCPA Failure to Provide Name and Address of*

*Original Creditor*……………………………………….………….…………………5

*COUNT 3 VIOLATION OF THE FDCPA Failure To Validate*…...…………...….…6

*COUNT 4 VIOLATION OF THE FDCPA* Using of Any Business, Company, or

Organization Name Other Than The True Name of The Debt Collector's

Business, Company, or Organization.....………………………………………………...7

*COUNT 5 VIOLATION OF THE FDCPA Threat to take action that cannot be legally*

*taken*………………………..………………………………………………………………7

*COUNT 6 VIOLATION OF THE FDCPA Use of any false representation or*

*deceptive means to collect or attempt to collect any debt*………………………………8

*COUNT 7 VIOLATION OF THE FDCPA* Use of False Representation or

Deceptive Means To Collect Alleged Debt: Means of Contact………………………..9

*COUNT 8 VIOLATION OF THE FDCPA* Use of False Representation or

Deceptive Means To Collect Alleged Debt: Time to Dispute…………………………...11

*COUNTS 9 through 18 VIOLATIONS OF THE FDCPA Failure To Communicate*

*That a Disputed Debt is Disputed*………………………………….………..….………...12

*Statement Upon Which Relief Can Be Granted*…....…………………………...….…13

*Prayer*…………………………………………..…....…………………………..…….…14

## PETITION AGAINST DEFENDANT

### INTRODUCTION

*1.* This is an action for damages brought by Plaintiff pursuant to the Fair Debt Collection Practices Act (FDCPA) *15 U.S.C. § 1692-1692p*. **The alleged debt is not in question here. What is in question is the fact as to how the alleged debt was or was not validated and the wrongful actions of the defendants in their attempts to collect the alleged debt. Also in question are the wrongful actions of the defendants when they violated the law and civil rights of the Plaintiff as outlined in the Fair Debt Collection Practices Act, 15 USC §1692.**

### JURISDICTION

2. This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the Constitution and laws of the United States. This action is brought pursuant to *15 U.S.C. § 1692-1692p supra*. The court has jurisdiction over this action pursuant to *28 U.S.C. § 1331*, *28 U.S.C. § 1332*, *28 U.S.C. § 1343(a)(3)*, *28 U.S.C. § 1343(a)(4)*, *28 U.S.C. § 2201*, and *28 U.S.C. § 1337*.

## PARTIES

3. Plaintiff is a consumer who resides in Bexar County, Texas. The Plaintiff's mailing address is c/o 10650 Culebra Road, Suite #104-274, San Antonio, Texas 78251.

4. Upon information and belief, Scott & Associates, P.C., hereinafter "Defendant S&A", is a Texas corporation with its principal place of business located at 1120 Metrocrest Drive, Suite 100., Carrollton, TX 75006.

5. Defendant S&A is a "debt collector" as that term is contemplated in the *15 U.S. Code § 1692a(6)*.

6. As a 3rd party debt collector, Defendant S&A, is governed under the law by the Fair Debt Collection Practices *15 U.S.C. § 1692-1692p supra*.

7. Co-Defendant JPMorgan Chase Bank N.A., hereinafter "Defendant Chase" is located in the State of New York and conducts business in many of the states of the United States of America including but not limited to the state of New York and the state of Texas.

8. Defendant Chase is a "creditor" as defined by *15 U.S.C. § 1692a(4)*.

9. The registered agent for Defendant Chase, is The Corporation Trust Company, also known as CT Corporation, has a listed address of 1999 Bryan St #900, Dallas, TX 75201.

10. Upon information and belief, Defendant S&A contracted with Defendant Chase Bank to collect the alleged debt.

## DISCUSSION

*11.* On or about September 30th, 2024 the Plaintiff received a collection notice from Defendant S&A (see Plaintiff's attached Exhibit P1) dated September 19th, 2024 claiming that Plaintiff owed an alleged debt.

*12.* On or about September 30th, 2024 the Plaintiff sent a letter (see Plaintiff's attached Exhibit P2), hereinafter referred to as "Validation Request", to Defendant S&A disputing the alleged debt and requesting validation and proof of the alleged debt.  The Validation Request also provided notice to Defendant S&A of a limited cease and desist statement requesting that Defendant S&A not contact the Plaintiff at his place of work or by phone and only to contact the Plaintiff at his home by US Mail. This Validation Request was sent by the Plaintiff via Certified Mail number 9589 0710 5270 0404 2146 28 with Return Receipt number 9590 9402 7758 2152 6861 93 and was signed for by a representative at Defendant S&A's office on October 3rd, 2024 at 9:29AM.

*13.* To date, defendants have neglected or failed to validate the alleged debt.

## COUNT 1

## VIOLATION OF THE FDCPA

### Overshadowing

*14.* Defendant S&A sent Plaintiff a collection notice dated September 19th, 2024, which included language that stated Plaintiff had a "*Total amount of the debt now: $23,087.62*".  The collection notice also stated "*Make your check payable to Scott & Associates*".  This language suggests that a payment was due immediately and overshadowed the consumer warning that the

collection notice was an attempt to collect a debt and also overshadowed the Plaintiff's right to dispute the debt or request the name and address of the original creditor. This is in violation of *15 U.S. Code § 1692g(b)* which reads in pertinent part as follows:

> *15 U.S. Code § 1692g(b)* *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

*15.* Plaintiff demands judgment of $1,000.00 for Defendant S&A's use of overshadowing language in Defendant S&A's collection notice, which is in violation of *15 U.S. Code § 1692g(b) supra*.

*16.* Plaintiff re-alleges the allegations set forth in paragraphs 1 through 16 hereinabove.

## COUNT 2

## VIOLATION OF THE FDCPA

### Failure to Provide Name and Address of Original Creditor

*17.* Plaintiff's Validation Request requested validation and evidence of the alleged debt in writing (see Plaintiff's attached Exhibit P2). Defendants failed or neglected to properly respond Plaintiff's Validation Request by providing Plaintiff with the name and address of original creditor. This is in violation of *15 U.S. Code § 1692g(a)(5)* which reads in pertinent part as follows:

> *15 U.S. Code § 1692g(a)(5)* *a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

*18.* To date, defendants have failed or neglected to validate the debt in response to Plaintiff's Validation Letter.

*19.* Plaintiff demands judgment for $1,000.00 for Defendant S&A's violation of *15 U.S. Code §*

*1692g(a)(5) supra*.

*20.* Plaintiff re-alleges the allegations set forth in paragraphs 1 through 20 hereinabove.


## COUNT 3

## VIOLATION OF THE FDCPA

### Failure To Validate

*21.* Plaintiff's Validation Request to Defendant S&A sent on September 30th, 2024, was received on

and signed for by a representative at Defendant S&A's office on October 3rd, 2024 at 9:29AM

(see Plaintiff's attached Exhibit P2).  Plaintiff's Validation Request disputed the alleged debt

and requested validation of the alleged debt.  Defendants failed or neglected to validate and

provide proof of the alleged debt.  Defendants then engaged in continued debt collection

activity by filing suit against Plaintiff in County Court At Law No. 3 of Bexar County on

November 12th 2024.  This is in violation of *15 U.S. Code § 1692g(b)* of the FDCPA which

reads in pertinent part as follows:

> *15 U.S. § 1692 (b)Disputed debts If the consumer notifies the debt collector in writing within the thirty-day period  described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.***

*22.* To date, defendants have neglected or failed to provide the proper verification.  Proper

verification should provide the date and nature of the transactions that led to the debt, such as a

purchase on a particular date, a missed payment for a specific month, a fee for a particular

service provided at a specified time, or a fine for a particular offense assessed on a certain date.

Defendants have also neglected or failed to provide proper chain of title of of the specific

alleged debt providing proof of ownership which includes all assignment records showing all

transfers of ownership of the alleged debt using the original account number of the alleged debt

between defendants and any trust or other entity.

*23.* Plaintiff demands judgment for $1,000.00 for Defendant S&A's failure or neglect to validate the

alleged debt and subsequently engaging in continuous collection activity, in violation of *15 U.S.*

*Code § 1692g(b) supra* of the FDCPA.

*24.* Plaintiff re-alleges the allegations set forth in paragraphs 1 through 24 hereinabove.

## COUNT 4

## VIOLATION OF THE FDCPA

**Using of Any Business, Company, or Organization Name Other Than The True Name of**

**The Debt Collector's Business, Company, or Organization**

*25.* Defendant S&A continued debt collection activity by filing suit against Plaintiff in County

Court At Law No. 3 of Bexar County on November 12th, 2024 using the Plaintiff party name of

"JPMorgan Chase Bank, N.A.". Thus, Defendant S&A filed suit against Plaintiff using a name

other than the true name of the deb collector's business, company, or organization. This is in

violation of *15 U.S. Code § 1692e(14)* of the FDCPA, which reads pertinent as follows:

> *15 U.S. Code § 1692e(14) The use of any business, company, or organization name other than the true name*
> *of the debt collector's business, company, or organization.*

*26.* Plaintiff demands judgment for $1,000.00 for Defendant S&A's violation of *15 U.S. Code §*

*1692e(14)*.

*27.* Plaintiff re-alleges the allegations set forth in paragraphs 1 through 27 hereinabove.

## COUNT 5

## VIOLATION OF THE FDCPA

### Threat to take action that cannot be legally taken

*28.* Defendants commenced litigation against Plaintiff in County Court At Law No. 3 of Bexar County on November 12th, 2024.  Defendants commenced this litigation without first validating and providing proof of the alleged debt as requested by Plaintiff.

*29.* This is in violation of *15 U.S. Code § 1692e(5)* which reads in pertinent part as follows:

> *15 U.S. Code § 1692e(5) The threat to take any action that cannot legally*
> *be taken or that is not intended to be taken.*

*30.* Actions of defendants filing suit was the taking of an "action that cannot legally be taken," and thus is a clear violation of *15 U.S. Code § 1692e(5)*.

*31.* Plaintiff demands judgment for $1,000.00 for Defendant S&A's violation of *15 U.S. Code § 1692e(5) supra*.

*32.* Plaintiff re-alleges the allegations set forth in paragraphs 1 through 32 hereinabove.

## COUNT 6

## VIOLATION OF THE FDCPA

### Use of any false representation or deceptive means to collect or attempt to collect any debt

*33.* Without first validating and providing proof of the alleged debt, defendants continued debt collection activity by filing suit against Plaintiff in County Court At Law No. 3 of Bexar County on November 12th, 2024.

*34.* On December 7th, 2024, Process Server filed into County Court At Law No. 3 of Bexar County cause # 2024CV09819 a document titled "*Declaration In Support Of Request For Alternative Service Rule 106*". In this document the Process Server concluded that "*the failure to personally serve the Citation and Petition is that **the Plaintiff was unavailable or is evading service***".

*35.* On December 9th, 2024, defendants filed into County Court At Law No. 3 of Bexar County cause # 2024CV09819 a document titled "*Defendant's Motion For Substitute Service*". In this document defendants stated "*Therefore, it seems apparent that the defendant clearly resides at this address, **but is avoiding service.***" Defendant S&A's statement omits an important and relevant portion of the Process Server's statement in such a way which falsely represents a more favorable position to the County Court At Law No. 3 of Bexar County, presumably to be granted a motion for substitute service.

*36.* Defendant S&A's use of false or misleading means to collect debt by falsely alleging that Plaintiff was avoiding service is in violation of *15 U.S. Code § 1692e(10)* of the FDCPA, which reads pertinent as follows:

> *15 U.S. Code § 1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*

*37.* Plaintiff demands judgment for $1,000.00 for Defendant S&A's violating *15 U.S. Code § 1692e(10) supra*.

*38.* Plaintiff re-alleges the allegations set forth in paragraphs 1 through 38 hereinabove.

## COUNT 7

## VIOLATION OF THE FDCPA

**Use of False Representation or Deceptive Means To Collect Alleged Debt: Means of Contact**

---

Andrew Jonathan Sanders v Scott & Associates and JPMorgan Chase Bank N.A.          Page 9 of 15

*39.* Defendant S&A's collection notice (see Plaintiff's attached Exhibit P1), sent to Plaintiff and dated September 19th, 2024, included the following language:

> *"Call or write to us by 10/29/2024, to dispute all or part of the debt."*

*40.* Defendant S&A, by stating that all or part of the debt could be disputed either by phone call or in writing, was a misrepresentation of Plaintiff's rights under *15 U.S. Code § 1692g(b)*, which reads in pertinent part as follows:

> *15 U.S. Code § 1692g(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt*

*41.* If a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections set forth in the FDCPA and in turn, a debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by *15 U.S. Code § 1692g(b)*. The collection letter sent by Defendant S&A failed to effectively convey the validation notice to Plaintiff because it is clear that the collection notice contradicted and obscured the statutory requirements.

*42.* Defendant S&A's collection notice used deceptive means to provide notice to Plaintiff on how to properly dispute the alleged debt and could cause unsophisticated consumers to unknowingly forego the protections provided by *15 U.S. Code § 1692g(b)*.

*43.* Defendant S&A using this deceptive means to provide notice to Plaintiff on how to dispute the alleged debt is in violation of *15 U.S. Code § 1692e(10)*, which reads in pertinent part as follows:

> *15 U.S. Code § 1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*

*44.* Plaintiff demands judgment for $1,000.00 for Defendant S&A's collection notice using

deceptive means to misrepresent rights of Plaintiff on how to dispute the alleged debt.

*45.* Plaintiff re-alleges the allegations set forth in paragraphs 1 through 45 hereinabove.

## COUNT 8

## VIOLATION OF THE FDCPA

**Use of False Representation or Deceptive Means To Collect Alleged Debt: Time to Dispute**

*46.* Defendant S&A's collection notice (see Plaintiff's attached Exhibit P1), sent to Plaintiff and

dated September 19th, 2024, included the following language:

> *"Call or write to us by 10/29/2024, to dispute all or part of the debt."*

*47.* The collection notice cited a deadline to dispute the debt of 10/29/2024 while the date of the

letter (9/19/2024) was.  This is a deadline of forty days which is longer than the duration of time

specified in *15 U.S. Code § 1692g(a)(3)* which reads in pertinent part as follows:

> *15 U.S. Code § 1692g(a)(3) a statement that unless the consumer, **within thirty days after receipt of the***
> ***notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt***
> *collector;*

*48.* The thirty-day period to dispute the debt in writing is further detailed under *15 U.S. Code §*

*1692g(b)*, which reads in pertinent part as follows:

> *15 U.S. Code § 1692g(b) If the consumer notifies the debt collector in writing within the **thirty-day period***
> *described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the*
> *name and address of the original creditor, the debt collector shall cease collection of the debt*

*49.* If a consumer contests a debt beyond the thirty-day period described in *15 U.S. Code §*

*1692g(a)(3)* and *15 U.S. Code § 1692g(b)* then the consumer will lose the protections set forth

in the FDCPA and in turn, a debt collection agency would be under no obligation to verify the

debt and cease all collection efforts as required by *15 U.S. Code § 1692g(b)*. Defendant S&A's collection notice used deceptive means to provide notice to Plaintiff on the amount of time to properly dispute the alleged debt and could cause unsophisticated consumers to unknowingly forego the protections provided by *15 U.S. Code § 1692g(b)*.

50. Defendant S&A using this deceptive means to provide notice to Plaintiff on the amount of time which an alleged debt may be disputed is in violation of *15 U.S. Code § 1692e(10)*, which reads in pertinent part as follows:

> *15 U.S. Code § 1692e(10)* *The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*

51. Plaintiff demands judgment for $1,000.00 for Defendant S&A's collection notice using deceptive means to misrepresent rights of Plaintiff on how to dispute the alleged debt.

52. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 52 hereinabove.

## COUNTS 9 through 18

## VIOLATIONS OF THE FDCPA

### Failure To Communicate That a Disputed Debt is Disputed

53. On or about September 30th, 2024 Plaintiff sent the Validation Request to Defendant S&A disputing the alleged debt and requesting validation and proof of the alleged debt (see Plaintiff's attached Exhibit P2). This Validation Request was sent by Plaintiff via Certified Mail number 9589 0710 5270 0404 2146 28 with Return Receipt number 9590 9402 7758 2152 6861 93 and was signed for by a representative at Defendant S&A's office on October 3rd, 2024 at 9:29AM.

54. Plaintiff reviews his credit reports on a regular basis and observed that in October of 2024, Defendant Chase communicated information to three Credit Reporting Authorities (Experian, TransUnion, Experian) without reporting that the disputed alleged debt was disputed.

55. Communicating credit information relating to the disputed alleged debt without communicating that the disputed alleged debt is disputed, is a violation of *15 U.S. Code § 1692e(8)*, which reads in pertinent part as follows:

> *15 U.S. Code § 1692e(8)   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

56. Upon review of Plaintiff's credit report, Plaintiff has good reason to believe and does believe that Defendant Chase violated *15 U.S. Code § 1692e(8) supra* 30 separate times over the past ten months. Beginning in October of 2024 and continuing through present on or around the 13th day of every month, Defendant Chase communicated information about the disputed alleged debt to three Credit Reporting Authorities (Experian, TransUnion, Experian) while failing to report that the disputed alleged debt was disputed (see Plaintiff's attached Exhibit P3).

57. Plaintiff demands judgment of $30,000 for the thirty instances when Defendant Chase violated *15 U.S. Code § 1692e(8) supra* by communicating credit information relating to the alleged debt without communicating that the alleged debt is disputed.

58. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 58 hereinabove.

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

59.   A settlement agreement between the Plaintiff and defendants shall remove any derogatory information and inquiries from all major credit reporting agencies including Equifax, Experian, and TransUnion and any other credit reporting agencies defendants have used now or may use in the future. Defendants must provide a letter and Universal Data Form indicating that they have done this and send the same to Plaintiff.

60.    Plaintiff moves the court to increase the claims based on the number of months that expire through the litigation of this case.

61.    Defendants will be barred now and in the future from selling or transferring of the alleged debt to any other collection agency, attorney, or entity.

62.    Defendants will be barred now and in the future from re-entering this information into the Plaintiff's credit reports.

63.    Defendants shall cease and desist any further collection activities against the Plaintiff.

64.    Defendants shall cease and desist any current or future litigation activities against the Plaintiff.

65.    Defendants may not sell or transfer the alleged debt or account to any other Collection Agency, Attorney, or entity now or in the future.

66.    Defendants to pay Plaintiff $38,000 for their violations of the FDCPA.

67.    Defendants to pay Private Attorney General fees to the Plaintiff in the amount of $3,000.00.

68.    Defendants to pay Plaintiff for punitive damages in the amount of $70,000.00 or as deemed appropriate by the court.

69.    Defendants shall be liable for any tax obligations for any monetary awards by this honorable court.

## PRAYER

70.    Due to the actions of the defendants, Plaintiff's rights have been violated under the FDCPA. Actions of defendants have injured the Plaintiff's credit score, credit report, credit worthiness, and reputation.

71.    Plaintiff moves the court to increase the claims based on the number of months that expire through the litigation of this case.

72.    THEREFORE, because defendants have repeatedly violated the FDCPA, Plaintiff demands

judgment in the amount of $38,000.00 for statutory violations of the FDCPA plus all costs of this

action.  Due to the pattern of abusive and deceptive practices resulting in numerous violations of the

FDCPA by defendants, Plaintiff seeks punitive damages in the amount of $ 70,000.00 or as the court

may allow based on damages to the Plaintiff's credit score, credit report, credit worthiness, and

reputation.  Plaintiff also demands Private Attorney General fees of $3,000.00 as prescribed by law

Graziano v. Harrison, *950 F.2d 107, 113* (3d Cir. 1991), *15 U.S.C. sec. 1692k(a)(3)* (see *Zagorski v.*

*Midwest Billing Services*, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)).

Respectfully submitted, this 17th day of July, 2025.

Andrew Jonathan Sanders, Plaintiff

c/o 10650 Culebra Road, Suite #104-274

San Antonio, Texas 78251

# Defendant's Exhibit P1

"Collection Notice received
on or about September 30th, 2024:

Scott & Associates
P.O. Box 115220
Carrollton, Texas 75011-5220
Toll Free: (866) 298-3155
Business Hours: Monday - Friday 8:00am to 6:00pm CT
Email: info@scott-pc.com

Andrew J Sanders
6103 Palmetto Way
San Antonio, TX  78253

Reference: 2729057

September 19, 2024

**Scott & Associates is a debt collector.** We are trying to collect a debt that you owe to JPMorgan Chase Bank, N.A.. We will use any information you give us to help collect the debt.

## Our information shows:

You had an account from JPMorgan Chase Bank, N.A. with account number XXXXXXXXXXXX4786.

| | | |
|---|---|---|
| As of 6/30/2024, you owed: | | $23,096.32 |
| Between 6/30/2024 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | -$8.70 |
| You paid or were credited this amount toward the debt: | – | $0.00 |
| **Total amount of the debt now:** | | **$23,087.62** |

## How can you dispute the debt?

▪ **Call or write to us by 10/29/2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

▪ **If you write to us by 10/29/2024**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at info@scott-pc.com.

## What else can you do?

▪ **Write to ask for the name and address of the original creditor,** if different from the current creditor. If you write by 10/29/2024, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at info@scott-pc.com.

▪ Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

▪ Contact us about your payment options.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

P.O. Box 115220
Carrollton, TX 75011-5220

ADDRESS SERVICE REQUESTED

## How do you want to respond?

*Check all that apply:*

☐ **I want to dispute the debt because I think:**

    ☐ This is not my debt.    ☐ The amount is wrong.

    ☐ Other (please include additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount:**    $ _____

Make your check payable to *Scott & Associates*
Include the reference number 2729057.

Andrew J Sanders
6103 Palmetto Way
San Antonio, TX  78253

Mail this form to:
Scott & Associates
P.O. Box 115220
Carrollton, Texas 75011-5220

Exhibit P1 Page 2 of 4



Scott & Associates, PC
1120 Metrocrest Dr., Suite 100
Carrollton, TX 75006

File Number: 2729057

Andrew J Sanders
6103 Palmetto Way
San Antonio, TX 78253





Scott & Associates
P.O. Box 115220
Carrollton, TX 75011-5220



FIRST-CLASS

US POSTAGE

ZIP 75006 $ 000.6
02 7N
0008028254 SEP 19

Andrew J Sanders
6103 Palmetto Way
San Antonio, TX 78253

78253$5512 R271

# Defendant's Exhibit P2

"Defendant's Verification Request and proof of mailing and delivery"

September 30, 2024

Andrew Jonathan Sanders
c/o 10650 Culebra Road, Suite #104-274
San Antonio, Texas
210-445-3712
Cert mail: 9589 0710 5270 0404 2146 28

Scott & Associates
P.O. Box 115220
Carrollton, Texas 75011-5220

Dear Sirs:

I recently received a letter from you indicating I owe you some money. I've never heard of Scott & Associates before. I have never bought any merchandise whatsoever from your firm nor to the best of my knowledge and belief have you ever performed any service for me of any kind whatsoever.

I would like to resolve this matter at the earliest possible time, however due to the possibility of error or fraud in this matter, I must insist that you prove that I owe you this purported debt and why.

In order to prove the debt, I must have a signed and sworn statement before notary public under penalty of perjury by a person having firsthand knowledge of the indebtedness and stating that the reported indebtedness was a legal indebtedness under all applicable state and federal laws, was not subsequently disputed as a result of returned, faulty, or recalled consumer products, and furthermore swearing that this purported debt is not now nor ever has been part of any tax write off scheme nor insurance claim.

Please be advised that I am requesting validation and competent evidence that I had some contractual obligation sans consumer protection encumbrance whereby I incurred the original claims associated with this purported debt. Please be advised that under the Fair Debt Collection Practices Act, I am authorized to demand that you not contact me by telephone nor at my place of employment by any means whatsoever. If you wish to communicate with me, you may do so only by U.S. mail and only at my place of residence.

Your failure to provide such information as I request in a timely manner may constitute prima facie evidence of intent to defraud, intimidate or coerce me and to deprive me of my civil rights.

Please be advised that any contact made by your firm with any 3rd party firm or entity regarding this issue absent compliance with each and every part of this demand for validation may constitute a violation of the FDCPA and the FCRA and may constitute grounds for civil or criminal action or complaints being filed against you. I do hope that you can understand and that we can settle this matter in an amicable fashion at the earliest possible moment.

Sincerely,
Andrew Jonathan Sanders

Andrew Jonathan Sanders
c/o 10650 Culebra Road, Suite #104-274
San Antonio, Texas



Exhibit P2 Page 3 of 5

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Scott & Associates
   P.O. Box 115220
   Carrollton, Texas 75011-5220

9590 9402 7758 2152 6821 93

2. Article Number *(Transfer from service label)*

9589 0710 5270 0404 2146 28

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

## 9589071052700404214628

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

Feedback

## Latest Update

Your item has been delivered and is available at a PO Box at 9:29 am on October 3, 2024 in
CARROLLTON, TX 75006.

---

Get More Out of USPS Tracking:

USPS Tracking Plus®

● **Delivered**
**Delivered, PO Box**

CARROLLTON, TX 75006
October 3, 2024, 9:29 am

● **Arrived at USPS Regional Facility**
COPPELL TX DISTRIBUTION CENTER
October 2, 2024, 10:33 am

● **Arrived at USPS Regional Facility**
SAN ANTONIO TX DISTRIBUTION CENTER
September 30, 2024, 11:47 pm

● **Hide Tracking History**

# Defendant's Exhibit P3

"Credit Reports for Experian, Equifax,
and TransUnion which show that
the disputed alleged debt is not being
reported as disputed"

experian.     Prepared For ANDREW J. SANDERS     Date generated: Oct 28, 2024

| JPMCB CARD | $23,087 |
|---|---|
| 8 potentially negative months | Closed |

## Account info

| | | | |
|---|---|---|---|
| Account name | JPMCB CARD | Balance | $23,087 |
| Account number | 426684XXXXXX | Balance updated | Oct 13, 2024 |
| Original creditor | - | Credit limit | $19,500 |
| Company sold | - | Monthly payment | - |
| Account type | Credit Card | Last Payment Date | Oct 23, 2023 |
| Date opened | Jan 15, 2011 | Past due amount | $23,087 |
| Open/closed | Closed | Highest balance | $23,096 |
| Status | Account charged off. $23,096 written off. $23,087 past due as of Oct 2024. | Terms | - |
| | | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Jul 2024 | | |

## Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | 30 | 60 | 90 | 120 | 150 | 180 | CO | CO | CO | CO | - | - |
| 2023 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2022 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2021 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2020 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2019 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2018 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2017 | - | - | - | - | - | - | - | - | - | - | ☐ | ☐ |

☐ Current / Terms met      CO Charge off      30 Past due 30 days

60 Past due 60 days      90 Past due 90 days      120 Past due 120 days

150 Past due 150 days      180 Past due 180 days      - Data Unavailable

## Contact info

| Address | PO BOX 15369 WILMINGTON, DE 19850 |
|---|---|
| Phone number | (800) 945-2000 |

## Comments

Account closed at consumer's request

| JPMCB CARD | $23,087 |
|---|---|
| 10 potentially negative months | Closed |

### Account info

| | | | |
|---|---|---|---|
| Account name | JPMCB CARD | Balance | $23,087 |
| Account number | 426684XXXXXX | Balance updated | Dec 13, 2024 |
| Original creditor | - | Credit limit | $19,500 |
| Company sold | - | Monthly payment | - |
| Account type | Credit Card | Last Payment Date | Oct 23, 2023 |
| Date opened | Jan 15, 2011 | Past due amount | $23,087 |
| Open/closed | Closed | Highest balance | $23,096 |
| Status | Account charged off. $23,096 written off. $23,087 past due as of Dec 2024. | Terms | - |
| | | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Jul 2024 | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | 30 | 60 | 90 | 120 | 150 | 180 | CO | CO | CO | CO | CO | CO |
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |
| 2021 | | | | | | | | | | | | |
| 2020 | | | | | | | | | | | | |
| 2019 | | | | | | | | | | | | |
| 2018 | | | | | | | | | | | | |

Current / Terms met    CO Charge off    30 Past due 30 days

60 Past due 60 days    90 Past due 90 days    120 Past due 120 days

150 Past due 150 days    180 Past due 180 days

### Contact info

| Address | PO BOX 15369 |
|---|---|
| | WILMINGTON, |
| | DE 19850 |
| Phone number | (800) 945-2000 |

### Comments

Account closed at consumer's request

experian.

Prepared For ANDREW J. SANDERS
Data generated: Mar 10, 2025

| JPMCB CARD | $23,087 |
|---|---|
| 12 potentially negative months | Closed |

☐ Account info

| | | | |
|---|---|---|---|
| Account name | JPMCB CARD | Balance | $23,087 |
| Account number | 426684XXXXXX | Balance updated | Feb 13, 2025 |
| Original creditor | - | Credit limit | $19,500 |
| Company sold | - | Monthly payment | - |
| Account type | Credit Card | Last Payment Date | Oct 23, 2023 |
| Date opened | Jan 15, 2011 | Past due amount | $23,087 |
| Open/closed | Closed | Highest balance | $23,096 |
| Status | Account charged off. $23,096 written off. $23,087 past due as of Feb 2025. | Terms | - |
| | | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Jul 2024 | | |

☐ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | - | - | - | - | - | - | - | - | - | - |
| 2024 | 30 | 60 | 90 | 120 | 150 | 180 | CO | CO | CO | CO | CO | CO |
| 2023 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2022 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2021 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2020 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2019 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2018 | - | - | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

☐ Current / Terms met
CO Charge off
30 Past due 30 days
60 Past due 60 days
90 Past due 90 days
120 Past due 120 days
150 Past due 150 days
180 Past due 180 days
- Data Unavailable

☐ Contact info

| Address | PO BOX 15369 WILMINGTON, DE 19850 |
|---|---|
| Phone number | (800) 945-2000 |

☐ Comments

Account closed at consumer's request

**myEquifax**

Your Equifax credit report

As of December 24, 2024

Credit Report date

Equifax - December 24, 2024

Back

## JPMCB CARD SERVICES

Report Date: Dec 24, 2024

If you find information in your credit report that you believe is incomplete or inaccurate, you can ◆le a dispute.

## CLOSED

ACCOUNT STATUS

Closed accounts stay on your credit report for up to 10 years since the date of last activity. Negative information such as late payments or collections, generally stay on your Equifax credit report for up to 7 years from the date of first delinquency.

| Details | Payments | 24 Month History |
|---|---|---|

OVERVIEW

| | |
|---|---|
| Account Number | xxxxxxxxxxxx 4786 |
| Account Status | CHARGE_OFF |
| Owner | INDIVIDUAL |
| Account Type | REVOLVING |
| Creditor Classi◆cation | - |
| Loan Type | FLEXIBLE_CREDIT_CARD |
| Original Creditor Name | - |
| Months Reviewed | 99 |
| Activity Designator | CLOSED |
| Terms Frequency | MONTHLY |
| Term Duration | - |
| Purchased From | - |
| Sold To | - |

BALANCE AND AMOUNTS

| | |
|---|---|
| Balance | $23,087 |
| Credit Limit | $19,500 |

**my**Equifax™

## ACCOUNT DATES

| | |
|---|---|
| Date Opened | Jan 15, 2011 |
| Date Reported | Dec 13, 2024 |
| Date of Last Activity | - |
| Date of First Delinquency | Jan 12, 2024 |

## COMMENTS AND CONTACT

ACCOUNT CLOSED AT CONSUMER'S REQUEST

CHARGED OFF ACCOUNT

For questions regarding this account please contact:

JPMCB CARD SERVICES

PO BOX 15369

WILMINGTON, DE 19850-5369

(800) 945-2000

## Disputes

If you find information in your credit report that you believe is incomplete or inaccurate, click FILE A DISPUTE.

FILE A DISPUTE

Privacy Policy      Terms of Use      Ad Choices

Equifax Consumer Services LLC
Licenses and Disclosures

≡     **my**Equifax     🔵 🔔 ⁷

Your Equifax credit report

As of March 10, 2025

Credit Report date

Equifax - March 10, 2025

Back

## JPMCB CARD SERVICES

Report Date: Mar 10, 2025

If you find information in your credit report that you believe is incomplete or inaccurate, you can ◆le a dispute.

## CLOSED

### ACCOUNT STATUS

Closed accounts stay on your credit report for up to 10 years since the date of last activity. Negative information such as late payments or collections, generally stay on your Equifax credit report for up to 7 years from the date of first delinquency.

| Details | Payments | 24 Month History |
|---|---|---|

OVERVIEW

| | |
|---|---|
| Account Number | xxxxxxxxxxx 4786 |
| Account Status | CHARGE_OFF |
| Owner | INDIVIDUAL |
| Account Type | REVOLVING |
| Creditor Classi◆cation | - |
| Loan Type | FLEXIBLE_CREDIT_CARD |
| Original Creditor Name | - |
| Months Reviewed | 99 |
| Activity Designator | CLOSED |
| Terms Frequency | MONTHLY |
| Term Duration | - |
| Purchased From | - |
| Sold To | - |

BALANCE AND AMOUNTS

| | |
|---|---|
| Balance | $23,087 |
| Credit Limit | $19,500 |

**myEquifax**

## ACCOUNT DATES

| | |
|---|---|
| Date Opened | Jan 15, 2011 |
| Date Reported | Feb 13, 2025 |
| Date of Last Activity | - |
| Date of First Delinquency | Jan 12, 2024 |

## COMMENTS AND CONTACT

ACCOUNT CLOSED AT CONSUMER'S REQUEST

CHARGED OFF ACCOUNT

For questions regarding this account please contact:

JPMCB CARD SERVICES
PO BOX 15369
WILMINGTON, DE 19850-5369
(800) 945-2000

## Disputes

If you find information in your credit report that you believe is incomplete or inaccurate, click FILE A DISPUTE.

FILE A DISPUTE

Privacy Policy        Terms of Use        Ad Choices

Equifax Consumer Services LLC
Licenses and Disclosures

| | |
|---|---|
| RFN: | Refinanced |
| RPD: | Paid repossession |
| RPO: | Repossession |
| RRE: | Repossession redeemed |
| RVN: | Returned voluntarily |
| RVR: | Returned voluntarily/redeemed |
| SET: | Settled—less than full balance |
| SGL: | Government secured guaranteed |
| SIL: | Simple interest loan |
| SLP: | Student loan perm assign government |
| SPL: | Single payment loan |
| STL: | Credit card lost/stolen |
| TRF: | Transfer |
| TRL: | Transferred to another lender |
| TTR: | Transferred to recovery |
| WEP: | Chapter 13 bankruptcy |

For account information other than payment history, we may show brackets > < to indicate information that may negatively affect your credit health.

## Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

JPMCB CARD SERVICES 426684179137****

### Account Information

| | |
|---|---|
| Address | PO BOX 15369 WILMINGTON, DE 19850 |
| Phone | (800) 945-2000 |
| Date Opened | 01/15/2011 |
| Responsibility | Individual Account |
| Account Type | Revolving Account |
| Loan Type | FLEXIBLE SPENDING CREDIT CARD |
| Balance | $23,087 |
| Date Updated | 12/13/2024 |

Exhibit P3 Page 9 of 12

**Last Payment Made**                                                                        10/23/2023

**Pay Status**                                                                               >Charge-off<

**Terms**                                                                                    **Paid Monthly**

**Date Closed**                                                                              01/29/2024

Credit limit of $15,000 from 06/2022 to 07/2023; $19,500 from

**Credit Limit (Hist.)**                                                                     08/2023 to 12/2024

**Estimated month and year this item will be removed**                                       12/2030

**Payment History**

| RFN: | Refinanced |
|---|---|
| RPD: | Paid repossession |
| RPO: | Repossession |
| RRE: | Repossession redeemed |
| RVN: | Returned voluntarily |
| RVR: | Returned voluntarily/redeemed |
| SET: | Settled—less than full balance |
| SGL: | Government secured guaranteed |
| SIL: | Simple interest loan |
| SLP: | Student loan perm assign government |
| SPL: | Single payment loan |
| STL: | Credit card lost/stolen |
| TRF: | Transfer |
| TRL: | Transferred to another lender |
| TTR: | Transferred to recovery |
| WEP: | Chapter 13 bankruptcy |

For account information other than payment history, we may show brackets > < to indicate information that may negatively affect your credit health.

## Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

JPMCB CARD SERVICES 426684179137****

### Account Information

| | |
|---|---|
| Address | PO BOX 15369 WILMINGTON, DE 19850 |
| Phone | (800) 945-2000 |
| Date Opened | 01/15/2011 |
| Responsibility | Individual Account |
| Account Type | Revolving Account |
| Loan Type | FLEXIBLE SPENDING CREDIT CARD |
| Balance | $23,087 |
| Date Updated | 02/13/2025 |

**Last Payment Made** 10/23/2023

**Pay Status** >Charge-off<

**Terms** Paid Monthly

**Date Closed** 01/29/2024

Credit limit of $15,000 from 09/2022 to 07/2023; $19,500 from

**Credit Limit (Hist.)** 08/2023 to 02/2025

**Estimated month and year this item will be removed** 12/2030

**Payment History**